UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**
JAMES J. VILT, JR. - CLERK
AUG 18 2021
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

**JAVIER H. RODRIGUEZ**
a/k/a JUNIOR
**CHARLES O. CATER**
a/k/a TUKI
a/k/a BLACK

SUPERSEDING INDICTMENT

NO.   3:18-CR-46-RGJ
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)
21 U.S.C. § 846
18 U.S.C. § 924(c)(l)(A)
18 U.S.C. § 924(d)
18 U.S.C. § 924(j)(1)
18 U.S.C. § 1111
18 U.S.C. § 922(g)
18 U.S.C. § 924(a)
18 U.S.C. § 1512
21 U.S.C. § 853
28 U.S.C. § 2461
18 U.S.C. § 2

The Grand Jury charges:

## COUNT 1
*(Conspiracy to Possess with Intent to Distribute Controlled Substances)*

From on or about and between November 30, 2017, and February 23, 2018, in the Western District of Kentucky, Jefferson County, Kentucky and elsewhere, the defendants, **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, and **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, knowingly and intentionally conspired, with each other and others known and unknown to the grand jury, to possess with the intent to distribute controlled substances, as defined by Title 21, United States Code, Section 812, including: fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812; one (1) kilogram or more of a mixture and substance containing heroin, a Schedule I controlled substance, as defined by Title 21, United States Code, Section 812; 400 grams or more of a mixture and substances containing a detectable amount of N-phenyl-N-[(1-(2-phenethyl)-4-piperidinyl]

propanamide, commonly known as "fentanyl", a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812; and less than fifty (50) kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, as defined in Title 21, United States Code, Section 812, all in violation of Title 21, United States Code, Section 841 (a)(l).

In violation of Title 21, United States Code, Sections 846, 841(b)(1)(A) and (b)(1)(D).

COUNT 2
*(Use/Possession/Discharge of a Firearm During, and in Relation To, a Drug Trafficking Crime, Resulting in Murder)*

On or about January 20, 2018, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, and **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, aided and abetted by each other, and others known and unknown to the grand jury, knowingly used, carried and discharged a firearm, during and in relation to a drug trafficking crime, for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute controlled substances, as charged in Count 1 of this Superseding Indictment in violation of Title 21, United States Code, Section 846; and in so doing, they caused the death of a person, V.R., through the use of the firearm in such a manner as to constitute murder, as defined by Title 18, United States Code, Section 1111, in that the defendants did unlawfully kill the victim with malice aforethought.

In violation of Title 18, United States Code, Sections 924(c)(l)(A), 924(j)(1) and 2.

## NOTICE OF SPECIAL FINDINGS PURSUANT TO TITLE 18 UNITED STATES CODE, SECTIONS 3591 AND 3592

The Grand Jury further finds:

The allegations set forth in Counts 1 and 2 are realleged as if set forth fully herein.

1. **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, and **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, were 18 years of age or older at the time of the offense;

2. **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, and **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, intentionally killed V.R. (18 U.S.C. § 3591 (a) (2) (A));

3. **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, and **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, intentionally inflicted serious bodily injury that resulted in the death of V.R. (18 U.S.C. §3591 (a) (2) (B));

4. **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, and **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and V.R. died as a direct result of the act (18 U.S.C. § 3591 (a) (2) (C));

5. **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, and **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and V.R. died as a result of the act (18 U.S.C. § 3591 (a) (2) (D));

6. **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, has previously been convicted of an offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm against another person (18 U.S.C. § 3592 (c) (2));

7. **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, procured the commission of the offense by payment, or promise of payment, or anything of pecuniary value (18 U.S.C. § 3592 (c) (7));

8. **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592 (c) (8));

9. **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, and **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, committed the offense after substantial planning and premeditation to cause the death of V.R. (18 U.S.C. § 3592 (c) (9)).

The Grand Jury further charges:

## COUNT 3
*(Possession with Intent to Distribute Methamphetamine)*

On or about January 19, 2018, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, aided and abetted by others known and unknown to the grand jury, knowingly and intentionally possessed with intent to distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii); and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT 4
*(Possession with Intent to Distribute Fentanyl)*

On or about January 19, 2018, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, aided and abetted by others known and unknown to the grand jury, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[(1-(2-phenethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl", a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT 5
*(Possession with Intent to Distribute Fentanyl)*

On or about January 26, 2018, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, aided and abetted by others known and unknown to the grand jury, knowingly and intentionally possessed with intent to distribute forty (40) grams or more a mixture and substance containing a detectable amount of N-phenyl-N-[(1-(2-phenethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl", a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT 6
*(Possession of a Firearm by a Convicted Felon)*

On or about February 23, 2018, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, knowingly possessed, in and affecting commerce, a firearm, to wit: a Sig Sauer, Model P220, .45 caliber semi-automatic pistol, bearing serial number G317794, and ammunition, with knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is:

> On or about February 11, 1997, **CHARLES O. CATER**, was convicted of complicity to four (4) counts of Robbery First Degree; two (2) counts of complicity to Kidnapping an Adult; and two (2) counts of complicity to Unlawful Imprisonment in the First Degree under case number 96-CR-001265-001, in Jefferson Circuit Court, Jefferson County, Kentucky.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

## COUNT 7
*(Conspiracy to Obstruct Justice—Witness Tampering)*

From on or about and between April 6, 2021, and April 14, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, knowingly and intentionally conspired with others known and unknown to the grand jury, to attempt to intimidate, threaten, and corruptly persuade another person, that

6

is, Witness 1, with intent to influence, delay, and prevent the testimony of Witness 1 in an official proceeding.

In violation of Title 18, United States Code, Sections 1512(b)(1) and (k).

## NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 21, United States Code, Section 846 and 841(a)(1), as alleged in this Superseding Indictment, felonies punishable by imprisonment for more than one year, the defendants, **JAVIER H. RODRIGUEZ**, a/k/a JUNIOR, and **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, shall forfeit to the United States, any and all property constituting, or derived from, proceeds the defendants obtained, directly or indirectly, as a result of said offense, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violation alleged in this Superseding Indictment.

Furthermore, as a result of committing offenses in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), as alleged in this Superseding Indictment, a felony punishable by imprisonment for more than one year, the defendant, **CHARLES O. CATER**, a/k/a TUKI, a/k/a BLACK, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offense; to specifically include, but not limited to the following: a Sig Sauer, Model P220, .45 caliber semi-automatic pistol, bearing serial number G317794, and ammunition.

Pursuant to Title 18, United States Code, 924(d), Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461.

A TRUE BILL.

FOREPERSON

_____
MICHAEL A. BENNETT
ACTING UNITED STATES ATTORNEY

MAB:MAC/RBB:8-18-2021

UNITED STATES OF AMERICA v. **JAVIER H. RODRIGUEZ**, et al

## PENALTIES

| | |
|---|---|
| Count 1: | NL 10 yrs./NM Life/$10,000,000 fine/both/NL 5 yrs./NM Life Supervised Release |
| | (NL 15 yrs./NM Life/$20,000,000 fine/both/NL 10 yrs./NM Life Supervised Release (With notice of one prior qualifying conviction)) |
| | (NL 25 yrs./NM Life/$20,000,000 fine/both/NL 10 yrs./NM Life Supervised Release (With notice of two prior qualifying convictions)) |
| Count 2: | Death, Life, or any term of years/$250,000fine/both/NM 5 yrs. Supervised Release |
| Count 3: | NL 10 yrs./NM Life/$10,000,000 fine/both/NL 5 yrs./NM Life Supervised Release |
| | (NL 15 yrs./NM Life/$20,000,000 fine/both/NL 10 yrs./NM Life Supervised Release (With notice of one prior qualifying conviction)) |
| Count 4: | NM 20 yrs./$1,000,000 fine/both/ NL 3 yrs./NM Life Supervised Release |
| Count 5: | NL 5 yrs./NM 40 yrs./$5,000,000 fine/both/NL 4 yrs./NM Life Supervised Release |
| | (NL 10 yrs./NM Life/$8,000,000 fine/both/NL 8 yrs./NM Life Supervised Release (With notice of one prior qualifying conviction)) |
| Count 6: | NM 10 yrs./$250,000 fine/both/ NM 3 yrs. Supervised Release |
| Count 7: | NM 20 yrs./$250,000 fine/both/ NM 3 yrs. Supervised Release |
| Forfeiture | |

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

 Misdemeanor: $ 25 per count/individual    Felony: $100 per count/individual
 $125 per count/other         $400 per count/other

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

 For offenses occurring after December 12, 1987:

 No **INTEREST** will accrue on fines under $2,500.00.

 **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

 **PENALTIES** of:

 10% of fine balance if payment more than 30 days late.

 15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

## RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

## APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

## PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.