UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                                        Plaintiff

v.                                                                           Criminal Action No. 3:18-cr-46-RGJ

JAVIER RODRIGUEZ                                                                                  Defendants
CHARLES CATER

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on co-defendants Charles Cater's ("Cater") and Javier Rodriguez's ("Rodriguez") Motion Pursuant to FRCP 16(E) to Require the United States to Produce and Permit the Copying of Wire Tap [sic] Applications [DE 267] and Rodriguez's Motion to Continue Trial Date and Request for a Hearing on the Motion [DE 289]. Rodriguez also filed a motion requesting the Court review the unredacted wiretap applications and affidavits *in camera* when resolving his motion pursuant to FRCP 16(E). [DE 288]. And Rodriguez filed a related motion to seal. [DE 266]. The United States responded to Rodriguez Motion Pursuant to FRCP 16(E). [DE 278]. Rodriguez replied. [DE 287]. For the reasons below, the Court **DENIES** all three motions.

**BACKGROUND**

The factual background is set forth in this Court's memorandum opinion and orders to suppress evidence [DE 195] and on severance and motion to dismiss [DE 260] and is incorporated here.

## DISCUSSION

**I. Defendants' Motion Pursuant to FRCP 16(e) to Require the United States to Produce and Permit the Copying of Wire Tap [sic] Applications [DE 267] and Rodriguez's Motion Requesting the Court to Review the Unredacted Wire Tap [sic] Applications and Affidavits *In Camera* When Resolving His Motion to Require the United States to allow His Counsel to Make Copies of the Unredacted Applications and Affidavits [DE 288]**

Defendants[1] move to be allowed copies of unredacted wiretap applications under "FRCP 16(E)." [DE 267 at 2202]. They argue that, while defense counsel has been provided "redacted copies of the wire applications . . . [t]hese redactions range anywhere from one word to entire paragraphs and prevent undersigned counsel from understanding the content and determining if a motion to suppress wire tap [sic] evidence is warranted." [*Id.* at 2203]. The United States responds that it has complied by providing defendants with redacted copies and making unredacted copies available for defense counsel's inspection. [DE 278 at 2802-03]. The United States also argues that it is not required to disclose *Brady* or *Jencks* Act material, and that wiretap materials are governed by the "Wiretap Act." [*Id.* at 2805].

    *i. Standard*

Because there is no Federal Rule of Criminal Procedure 16(E), the Court interprets Rodriguez's motion "pursuant to FRCP 16(E)" as a motion for discovery under Fed. R. Crim. P. 16(a)(1)(E). *See* [DE 267 at 2206] ("FRCP 16(E) clearly requires the United States to produce the unredacted wire tap [sic] applications and to permit undersigned counsel to copy and/or photograph them.").

---

[1] While the motion was originally Rodriquez's motion, the Court granted Cater's oral motion to adopt at the final pretrial conference June 22, 2022.

2

Federal Rule of Criminal Procedure 16(a) ("Rule 16(a)") governs the prosecution's obligation to disclose information and produce discovery in a criminal case. Rule 16(a) provides in relevant part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). The Sixth Circuit has described materiality under Rule 16 as follows:

> A defendant does not satisfy [the] requirement that an object be material to the preparation of the defendant's defense by means of merely conclusory arguments concerning materiality. Rather, defendant must make a *prima facie* showing of materiality. Materiality under Rule 16 has not been authoritatively defined in this Circuit. However, the Supreme Court has determined that "defense" within the meaning of Rule 16 means the "defendant's response to the Government's case in chief." Therefore, the rule applies only to "'shield' claims that 'refute the Government's arguments that the defendant committed the crime charged.'" It follows that information which does not counter the government's case or bolster a defense is not material "merely because the government may be able to use it to rebut a defense position." Rather, there must be an indication that pre-trial disclosure would have enabled the defendant to "alter the quantum of proof in his favor," not merely that a defendant would have been dissuaded from proffering easily impeachable evidence. In assessing materiality, we consider the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole.

*United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011) (internal citations omitted).

Under Fed. R. Crim P. 16(d)(1), courts may restrict discovery materials in a criminal case when good cause is shown, for example to protect the privacy interests of third parties.[2]

---

[2] *See, e.g.*, *United States v. Coleman*, No. 2:15-CR-20280-SHM, 2016 WL 3200208, at *2 (W.D. Tenn. May 24, 2016), *report and recommendation adopted,* No. 15-CR-20280, 2016 WL 3200300 (W.D. Tenn. June 8, 2016) (redacting the identity of a confidential informant on a wiretap).

Title III of the Omnibus Crime Control and Safe Streets Act ("Wiretap Act") sets forth standards and procedures for the use of electronic surveillance. The Wiretap Act provides, in relevant part:

> The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved.

18 U.S.C. § 2518(9).

A Defendant seeking to suppress evidence must file a motion before trial. Fed. R. Crim. P. 12(b)(3)(C). Under Rule 12, the Court may set and extend or reset a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)–(2). If a party fails to file a pretrial motion within the deadline set by the Court, the Court has discretion to decline to consider the motion, unless the party can show "good cause" for the untimely filing. Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay and the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id.* (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). If the Court were to accept a late motion to suppress, "[i]t is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Rodriquez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quoting *United States v. Feldman*, 606 F.2d 673, 679 n.11 (6th Cir. 1979)). The defendant's burden extends to both "the burden of production and persuasion." *United States v. Patel*, 579 F. App'x 449, 453 (6th Cir. 2014). In considering the motion, the Court must view the evidence "in the light most favorable to the government," *id.* (citing *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003)), and

presume the validity of the wiretap order, giving "great deference to the determinations of the issuing judge." *United States v. Rice*, 478 F.3d 704, 709 (6th Cir. 2007) (quoting *United States v. Corrado*, 227 F.3d 528, 539 (6th Cir. 2000)).

      ii.    *Analysis*

Defendants request copies of wiretap application materials. [DE 267 at 2206]. However, the Wiretap Act does not require the United States to produce any wiretap application materials it plans to use at trial more than ten days before trial. § 2518(9). *See also United States v. Harris*, No. 3:10CR-142-S, 2011 WL 775908, at *2 (W.D. Ky. Feb. 28, 2011) ("The statute [(§ 2518(9))] does not require the United States to produce these materials more than ten days prior to trial."). The United States produced copies of the redacted wiretap application materials in July 2018, over four years ago and far more than ten days before trial. Defendants have offered no legal reason or basis on which the United States should produce these materials earlier than the statutory deadline.

Defendants also seek unredacted copies of all the wiretap application materials without offering any justification for wholesale disclosure of sealed documents other than suggesting they "are vital to undersigned counsels' determination of whether wire tap [sic] evidence should be suppressed." [DE 267 at 2206]. The same could be said of any potential evidence; this justification speaks to no standard and offers no grounds on which the Court may grant the motion. Defendants have not shown that the redacted information is material to making a showing under the suppression standard. While Defendants suggest for the first time in reply that the redacted sections are material because "[i]t is unreasonable to believe that the United States places immaterial factual assertions in the wire tap [sic] applications and affidavits," this is conclusory, rather than a showing of materiality. [DE 287 at 2851]. Defendants have not shown that the

5

requested unredacted documents fall within the ambit of Rule 16(a)(1)(E)—that have not shown that they are material to the showing necessary for a suppression motion.

Additionally, any motion to suppress that Defendants seek to file at this point would be out of time. *See* [DE 197 Text Order] (suppression motions due by 6/22/22). Defendants have not suggested, much less shown, any good cause for why this motion would be filed late. Defense counsel has had access to the redacted wiretap materials since July 2018. [DE 278 at 2802-03]. Rodriguez' counsel did not request unredacted materials until years later, in April 2021. [DE 289 at 2864]. Rodriguez states that the United States "did not comply" with the request, but then did nothing else to ascertain the redacted materials until nearly a year later, sometime in the Spring of 2022, when access to the unredacted wiretap materials were made available to him for inspection at the United States Attorney's office on March 30, 2022. [DE 278 at 2802-03; 289 at 2864]. Still, Rodriguez's counsel did not go to review the unredacted materials and did not raise the issue with the Court until months later at the June 2022 final pre-trial conference. This is years after initial access was given, over a year after the United States allegedly did not comply, month after access to the unredacted materials was given, and only raised orally with the Court on the deadline for suppression motions. [DE 278 at 2802-03; 289 at 2864]. At the June 2022 final pretrial conference, the parties represented to the Court that, though the United States had made the unredacted materials available for some time, Rodriguez's counsel had not yet viewed them because "getting everyone together" to do so "is really time consuming." [Final Pretrial Transcript, 18:3-24]. After the June 2022 final pretrial conference, Rodriguez's counsel "appeared at the United States Attorney's Office to review" the unredacted wiretap materials for the first time. [DE 289 at 2865]. No explanation is given as to why unredacted copes were not sought sooner. The Court is not inclined to grant any late motion on this issue, especially when counsel

has had the ability to inspect all the requested unredacted information in the wiretaps for several months and has articulated no specific reason why copies of such information is necessary or material for a suppression motion.

Rodriguez also moves the Court to review the unredacted wiretap applications and affidavits *in camera* when resolving this motion. [DE 288 at 2858]. He argues that "the Court will readily see that defense counsels' concerns about the difficulties and burdens of an inspection only review are well founded." [*Id.* at 2860]. While the Court sympathizes with counsel, difficulty and burden of inspection are not the standard before the Court under Rule 16 and the Wiretap Act. Additionally, even after initial inspection, counsel gives no specific reason why copying of a certain part or section is necessary for a suppression motion such that inspection by the Court would help the determination of materiality, the standard the Court must consider. Thus, the Court must **DENY** Rodriguez's Motion Requesting the Court to Review the Unredacted Wire Tap [sic] Applications and Affidavits *In Camera* When Resolving His Motion to Require the United States to Allow His Counsel to Make Copies of the Unredacted Applications and Affidavits [DE 288].

Thus, the Court **DENIES** Defendants Motion Pursuant to FRCP 16[(a)(1)](E) to Require the United States to Produce and Permit the Copying of Wire Tap [sic] Applications [DE 267]. *See United States v. Harris*, No. 3:10CR-142-S, 2011 WL 775908, at *2 (W.D. Ky. Feb. 28, 2011) (denying defendant's request for unredacted copies of supporting wiretap documentation). However, the United States is required to comply with the statute, 18 USC § 2518(9) that if the United States intends to disclose the intercepted wire communications at trial, Defendants are entitled to unredacted copies of the order and affidavit not less than 10 days before trial. However, the Defendants may not be entitled to information from a wiretap application that is protected by the informer's privilege. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

The burden is initially on the defendant to show the need for disclosure of a confidential informant's identity. *United States v. Jiles,* 658 F.2d 194, 197 (3d Cir. 1981). If the defendant meets this burden, the court must balance the defendant's interests in disclosure against the Government's interest in maintaining the confidentiality of its informant. *Id*. at 197-98.

## II. Rodriguez's Motion to Continue Trial Date and Request for a Hearing on the Motion [DE 289]

Rodriguez[3] moves to delay the trial date because his counsel "will need substantial time in order to incorporate the missing information in the redacted wire tap [sic] applications and affidavits, analyze the information, investigate the allegations, decide whether a motion to suppress wire tap [sic] evidence is warranted, and then prepare the motion." [DE 289 at 2865-66]. He also argues that on July 15, 2022, his counsel "received additional discoverable materials from the United States that need to be reviewed and shared with Mr. Rodriguez and incorporated into the defense trial strategy [that] will need the use of a Spanish interpreted [sic] to check the accuracy of the transcript provided in the discovery packet." [*Id.* at 2866].

### i. Standard

"On matters of continuances, trial courts have broad discretion." *United States v. Gulley*, 780 F. App'x 275, 285 (6th Cir. 2019) (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983)). When deciding whether to grant a continuance, district courts consider factors including "the length of delay, previous continuances, inconvenience to litigants, witnesses, counsel and the court, whether the delay is purposeful or is caused by the accused, the complexity of the case, and whether denying the continuance will lead to identifiable prejudice." *United States v. McClendon*, 146 F. App'x 23, 26–27 (6th Cir. 2005). Additionally, a judge may grant a continuance of a defendant's trial that tolls the speedy trial deadline, "if the judge granted such continuance on the basis of his

---

[3] While Cater joined in the previous motion, only Rodriguez moved to continue the trial date.

findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) ("Speedy Trial Act").

This case has been pending for at least four years, as Defendants were indicted on March 22, 2018, and the first trial date was originally set for May 2018. [DE 23; DE 33]. The Court has already granted two continuances on the on Defendants' motions, first moving the trial date to 2021 and more recently to the set trial date in August 2022. [DE 42; DE 84; DE 109; DE 197]. This delay has caused inconvenience to the government, witnesses, and the Court. Not to mention that the defendants have been in custody since their initial appearance in February 2018. [DE 11]. The Court acknowledges that there is no indication the delay is purposeful on the part of the accused, and that this Court previously declared this case complex based on the volume of discovery, number of defendants, complexity of investigation, and need for completion of the capital review process. [DE 44]. The Court also acknowledges that since that date, one of the three defendants has pled out, and the United States filed a notice that they would not seek the death penalty, presumably making the case less complex. [DE 79; DE 92].

As detailed above, the timeline of discovery as to the wiretap documents reveals that Defendants have had access to the redacted wiretap materials since July 2018, and access to the unredacted wiretap materials since March 30, 2022. [DE 278 at 2802-03]. Rodriguez's counsel did not request unredacted materials until years later, in April 2021. [DE 289 at 2864]. Rodriguez states that the United States "did not comply" with the request, but then did nothing else with the issue until sometime in the Spring of 2022, when access to the unredacted wiretap materials were made available to him on March 30, 2022. [DE 278 at 2802-03; DE 289 at 2864]. At the June 2022 final pretrial conference, Rodriguez's counsel represented that they had not yet viewed the unredacted materials because "getting everyone together" to do so "is really time consuming."

9

[Final Pretrial Transcript, 18:3-24]. After the June 2022 final pretrial conference, Rodriguez's counsel "appeared at the United States Attorney's Office to review" the unredacted wiretap materials for the first time. [DE 289 at 2865].

As for Rodriguez's argument on incorporating information from the redacted wiretap applications, the Court has denied this motion. With regard to the additional discovery, the Spanish transcripts that defense counsel wishes to "check the accuracy" of, the United States represented at the June 22, 2022 hearing that it would be willing to use a court-certified translator at trial if defense counsel was unwilling or unable to agree to the transcripts.

Defendants have now and have had reasonable time and resources to effectively prepare for trial. There is no sufficient basis under the Speedy Trial Act to grant a continuance, and the Constitution does not require one. Thus, denying a continuance at this time will not lead to identifiable prejudice. Denying defendant's motion to continue does not represent "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009) (quoting *Morris*, 461 U.S. at 11–12); *see also United States v. Hofstetter*, No. 3:15-CR-27-TAV-DCP, 2019 WL 5106291, at *7 (E.D. Tenn. Oct. 11, 2019); *United States v. King*, 127 F.3d 483, 486 (6th Cir. 1997).

Rodriguez also moved for a hearing on this issue, but offered no reason for this request. [DE 289]. The Court relied upon no disputed facts in resolving this motion. The Court thus **DENIES** Rodriguez's motion for a hearing on this motion as unnecessary, as his argument is 'entirely legal in nature'" and a hearing would not help the Court resolve the motion. *United States v. Ligon*, 861 F. App'x 612, 621 (6th Cir. 2021) (quoting *United States v. Ickes*, 922 F.3d 708, 710 (6th Cir. 2019).

Thus, the Court **DENIES** Rodriguez's Motion to Continue Trial Date and request for a Hearing on the Motion [DE 289].

## CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED that**

1. Defendants' Motion Pursuant to FRCP 16[(a)(1)](E) to Require the United States to Produce and Permit the Copying of Wire Tap [sic] Applications [DE 267] is **DENIED**.

2. Rodriguez's Motion Requesting the Court to Review the Unredacted Wire Tap [sic] Applications and Affidavits *In Camera* When Resolving His Motion to Require the United States to Allow His Counsel to Make Copies of the Unredacted Applications and Affidavits [DE 288] is **DENIED**;

3. Rodriguez's Motion to Continue Trial Date and Request for a Hearing on the Motion [DE 289] is **DENIED**;

4. The associated motion to seal [DE 266] is **GRANTED in part** and **DENIED in part** in accordance with standing orders of the Court;

5. For docketing purposes, the following docket entries will be sealed: [DE 267-2; DE 267-3; DE 267-4]. The following related docket entries will not be sealed: [DE 266; DE 266-1; DE 267 (main); DE 267-1; DE 278; DE 278-1]

Rebecca Grady Jennings, District Judge
United States District Court

July 21, 2022

Cc: Counsel of Record

12